UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERESA HUDSON JORDAN, *individually and on behalf of her minor daughter N.J.*, <br><br> Plaintiff, <br><br> -v- <br><br> DELTA AIR LINES, INC., <br><br> Defendant. | 25-CV-2570 (JPO) <br><br> MEMORANDUM AND ORDER |

J. PAUL OETKEN, District Judge:

Teresa Hudson Jordan ("Jordan"), on behalf of herself and her minor daughter N.J. (collectively, "Plaintiffs"), filed the operative complaint ("FAC") on June 23, 2025, against Defendant Delta Air Lines, Inc. ("Delta"). In the FAC, Plaintiffs seek damages and injunctive relief against Delta for discrimination, breach of contract, intentional infliction of emotional distress, assault, and other violations of law arising from an incident on March 27, 2024, during which Plaintiffs were removed from a Delta flight after allegedly being subjected to discriminatory treatment by a Delta flight attendant, Stephanie Doe ("Doe"). (*See generally* ECF No. 24 ("FAC").)

Before the Court is Delta's motion to dismiss the FAC for lack of personal jurisdiction, or in the alternative, for improper venue. (ECF No. 27 ("MTD").) For the reasons that follow, Delta's motion is granted.

1

I.      **Background**

    A.      **Factual Background**

The following facts are drawn from Plaintiffs' FAC and are presumed true for the purpose of resolving Delta's motion to dismiss. *See Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013).[1]

Jordan and her daughter are residents of New York County, and both currently reside in Jordan's New York City home. (FAC. ¶¶ 14-15.) Jordan is a Black woman and frequently flies with Delta, a Delaware corporation with its principal place of business in Atlanta, Georgia. (*Id.* at ¶¶ 16-17.)

While she was in her home in New York, Jordan purchased two first-class airline tickets for Delta Flight 5792 from Kentucky to Michigan. (*Id.* at ¶¶ 18-19; ECF No. 17-1 ¶ 4.) On March 27, 2024, Jordan and N.J. boarded Flight 5792 in Kentucky, and Jordan took her seat in 4A and N.J. across the aisle in 4D. (*Id.* at ¶¶ 12, 19-20.) After the flight began to taxi on the runway of the Kentucky airport, Jordan leaned forward to speak to N.J. (*Id.* at ¶ 23.) Flight attendant Doe, who is white, "[w]ithout any provocation" allegedly began yelling at Jordan. (*Id.* ¶¶ 25, 26.) According to the FAC, despite Jordan's full and complete compliance during taxiing, Doe told other Delta employees on the plane that Jordan was an unruly and disruptive passenger who had refused to comply with Doe's instructions. (*Id.* at ¶ 34.) As a result, the flight's captain decided to turn back to the gate and to remove Jordan from the flight. (*Id.* ¶ 35.) Once the plane arrived at the gate, Jordan and N.J. disembarked at the Kentucky airport.

---

[1] "On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the Court may look beyond the four corners of the complaint and consider materials outside of the pleadings, including accompanying affidavits, declarations, and other written materials." *Vasquez v. Hong Kong & Shanghai Banking Corp., Ltd.*, 477 F. Supp. 3d 241, 245 n.1 (S.D.N.Y. 2020).

According to the FAC, because of the incident, both Jordan and N.J. have suffered severe emotional distress. (*Id.* at ¶ 46.) Jordan has allegedly adjusted her work schedule to avoid airline travel whenever possible, which has put her livelihood at risk. (*Id.* at ¶ 47.)

### B.    Procedural Background

Plaintiffs commenced this suit against Delta on March 28, 2025. (ECF No. 1.) Delta filed its first motion to dismiss for lack of jurisdiction and/or improper venue on May 27, 2025. (ECF No. 17.) In response, Plaintiffs filed their FAC on June 23, 2025. (*See generally* FAC.) Delta then filed a motion to dismiss the FAC. (*See generally* MTD.) Plaintiffs opposed the motion to dismiss (ECF No. 31), and Delta replied in further support (ECF No. 32).

The Court held a telephonic pretrial conference on September 15, 2025, at which the parties discussed the issue of personal jurisdiction. At the parties' request, the Court stayed discovery pending its resolution of the pending motion to dismiss. Following the call, the Court ordered the parties to file a joint status letter by October 27, 2025, regarding the transfer of the case. (ECF No. 33.) On October 22, 2025, the parties filed a letter informing the Court that they had not reached an agreement regarding transfer. (ECF No. 34.)

## II.    Discussion

### A.    Motion to Dismiss for Lack of Personal Jurisdiction

Delta argues that Plaintiff's FAC must be dismissed because it fails to establish personal jurisdiction. "Where, as here, a district court in adjudicating a Rule 12(b)(2) motion relies on the pleadings and affidavits, and chooses not to conduct a full-blown evidentiary hearing, plaintiffs need only make a prima facie showing of personal jurisdiction." *Affiliated FM Ins. Co. v. Kuehne + Nagel, Inc.*, 328 F. Supp. 3d 329, 333 (S.D.N.Y. 2018) (cleaned up) (quoting *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010)). "This prima facie

showing must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (quotation marks omitted).  All pleadings are construed in the light most favorable to the plaintiff, with all doubts resolved in the plaintiff's favor.  *Id.*  Where a court does not hold an evidentiary hearing on the jurisdictional question, it may, nevertheless, consider matters outside the pleadings, "including accompanying affidavits, declarations, and other written materials."  *Vasquez v. Hong Kong & Shanghai Banking Corp., Ltd.*, 477 F. Supp. 3d 241, 245 n.1 (S.D.N.Y. 2020*); see also Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013).

Typically, courts determining "whether the exercise of personal jurisdiction is proper in a diversity case . . . must conduct a two-part inquiry: first, the Court looks at whether there is a basis for personal jurisdiction under the laws of the forum state, and second, the Court must examine whether the exercise of personal jurisdiction comports with constitutional due process." *HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*, No. 20-CV-00967, 2021 WL 918556, at *6 (S.D.N.Y. Mar. 10, 2021).  Because this Court concludes that New York's long-arm statute does not establish personal jurisdiction over Delta in this action, the Court need not reach the issue of whether exercising such jurisdiction would comport with constitutional due process.  *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. UPS Supply Chain Sols., Inc.*, 74 F.4th 66, 73 (2d Cir. 2023).

The Court sits in New York, and thus personal jurisdiction must comply with New York law.  In New York, personal jurisdiction over a non-domiciliary defendant can be exercised via general or specific jurisdiction, as set forth in New York Civil Practice Law & Rules ("CPLR")

4

§§ 301 and 302 respectively. *See Arzu v. Am. Airlines, Inc.*, 690 F. Supp. 3d 242, 246-47 (S.D.N.Y. 2023).

Plaintiffs allege personal jurisdiction over Delta pursuant to CPLR § 302(a)(1), so the Court analyzes § 302(a)(1) only. CPLR § 302(a)(1) provides, in relevant part, that a court may exercise personal jurisdiction "over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state," so long as the cause of action "aris[es] from" that transaction. CPLR § 302(a)(1). Accordingly, a court may exercise personal jurisdiction over a non-domiciliary if two conditions are met: "first, the non-domiciliary must transact business within the state; second, the claims against the non-domiciliary must arise out of that business activity." *Aquiline Cap. Partners LLC v. FinArch LLC*, 861 F. Supp. 2d 378, 386 (S.D.N.Y. 2012) (internal citations and quotation marks omitted). Courts in this district assess activity based on "the totality of circumstances concerning the party's interactions with, and activities within, the state." *Seiden v. Baker Tilly Hong Kong Ltd.*, No. 23-1254, 2024 WL 4441582, at *2 (2d Cir. Oct. 8, 2024) (summary order) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez Rodriguez*, 171 F.3d 779, 787 (2d Cir. 1999)).

The facts alleged in the FAC do not establish specific jurisdiction under CPLR § 302(a)(1). Even if Delta transacts business within New York, for jurisdiction to exist under CLPR § 302(a)(1), Plaintiffs' cause of action must "aris[e] from" Delta's transaction of business in New York, which they do not. Plaintiffs' various causes of action arise from incidents on Delta Flight 5792, departing from Kentucky and arriving in Michigan, not from the transaction of any business by Delta in New York.

Plaintiffs put forth three arguments for why their causes of action arise from Delta's New York business transactions in their opposition to Delta's motion to dismiss. (*See generally* ECF

No. 31 ("Opp.").)  First, Plaintiffs contend that Jordan's purchase of her ticket in New York created an ongoing contractual relationship with Delta "centered in New York."  (Opp. at 11.) Second, Plaintiffs argue that their breach of contract claim alleges an articulable nexus exists between Delta's New York business activities and Plaintiffs' claims.  (*Id.* at 12-13.)  Third, Plaintiffs claim that Jordan's longstanding status as a Platinum SkyMiles Member of Delta demonstrates a "continuous business relationship that supports specific jurisdiction."  (*Id.* at 13-14.)

Plaintiffs' first argument fails, as it is well established that "[t]he mere purchase of a ticket in New York is insufficient to establish personal jurisdiction based upon an injury that occurred elsewhere while travelling on that ticket."  *Cordice v. LIAT Airlines*, No. 14-CV-2924, 2015 WL 5579868, at *4 (E.D.N.Y. Sept. 22, 2015); *see H.B. by Barakati v. China S. Airlines Co. Ltd.*, No. 20-CV-09106, 2021 WL 2581151, at *4-5 (S.D.N.Y. June 23, 2021) (no specific jurisdiction where New York resident purchased airline ticket in New York for travel that originated and terminated in New York but where injury did not occur on flights that originated and terminated in New York).  Accordingly, personal jurisdiction does not exist under CPLR § 302(a)(1) on the basis of Jordan's location in New York when she purchased the tickets for her and her daughter.

Plaintiffs' second and third arguments pointing specifically to Plaintiffs' breach of contract claim as necessarily establishing personal jurisdiction similarly fail.  Again § 302(a)(1) provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state."  N.Y. C.P.L.R. § 302(a)(1).  New York courts consider the following factors to determine whether a party in a contract action has "transacted business"

within the meaning of § 302(a)(1),: (i) whether the action arises out of a contract that was negotiated and executed in New York; (ii) whether that contract contains a New York choice-of-law provision; (iii) whether the contract was to be performed in New York; and (iv) defendant's physical presence in New York, if any, in connection with an ongoing contractual relationship with a New York corporation. *See Unlimited Care, Inc. v. Visiting Nurse Ass'n of Eastern Massachusetts, Inc.*, 42 F.Supp.2d 327, 330-33 (S.D.N.Y. 1999) (citing *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996)).

Applying those factors, it is clear that Delta did not transact business in New York sufficient to grant this Court jurisdiction. Per the first prong, the fact that a contract was "negotiated" solely via website or telephone with no Delta representative traveling to New York to meet with Plaintiffs weighs against a finding of personal jurisdiction over Delta. *See e.g. Mortg. Funding Corp. v. Boyer Lake Pointe, LC*, 379 F. Supp. 2d 282, 287 (E.D.N.Y. 2005) ("Courts seem generally loath to uphold jurisdiction under the 'transaction in New York' prong of CPLR 302(a)(1) if the contract at issue was negotiated solely by mail, telephone, and fax without any New York presence by the defendant." (quotation marks and bracket omitted)); *Berkshire Cap. Grp., LLC v. Palmet Ventures, LLC*, 307 Fed. App'x 479, 481 (2d Cir. 2008) (summary order) (finding no personal jurisdiction where negotiations of the contract were conducted through telephone calls and emails from Illinois to New York); *Wego Chem. & Min. Corp. v. Magnablend Inc.*, 945 F. Supp. 2d 377, 384-85 (E.D.N.Y. 2013) (concluding that allegations that the defendant made telephone calls and sent emails directed to plaintiff in New York were insufficient to support jurisdiction); *United Comput. Cap. Corp. v. Secure Prods., L.P.*, 218 F. Supp. 2d 273, 278 (N.D.N.Y. 2002) ("Where a plaintiff's cause of action is based

upon a contract, negotiation of the contractual terms by phone, fax or mail with the New York party is generally insufficient to support a finding the transaction of business in New York.")

As to the second prong, Plaintiffs have not alleged that the contract contained a New York choice of law provision.

Moreover, prong three—whether the contract was to be performed in New York—weighs against a finding of jurisdiction. Other courts in this district have concluded that where a party performs the services outside of New York state, those extraterritorial services cannot grant jurisdiction in New York state. *See e.g. Levans v. Delta Air Lines, Inc.*, 988 F. Supp. 2d 330, 336 (E.D.N.Y. 2013); *Lear v. Royal Caribbean Cruises Ltd.*, No. 20-CV-4660, 2021 WL 1299489, at *6 (S.D.N.Y. Apr. 7, 2021) (explaining that there is no specific personal jurisdiction for a breach of contract claim when the defendant did not inject itself into New York for the purposes of obtaining the contract, and when the performance occurred outside New York, even when the plaintiff was hired for a job and signed an employment contract from his New York residents). Here, the contract was to be performed between Kentucky and Michigan and not in New York, further counseling against a finding of jurisdiction.

As to prong four, Plaintiffs argue that their claim for breach of contract arises directly from Jordan's longstanding status as a Delta Platinum SkyMiles member. (Opp. at 13-14 ("Jordan's longstanding status as a Platinum SkyMiles member represents precisely the type of continuous business relationship that supports specific jurisdiction.").) However, as Plaintiffs are not a New York corporation, it cannot be said that Delta had at the time of the events in question an ongoing relationship with a New York corporation. *See Cyberscan Tech., Inc. v. Sema Ltd.*, No. 06-CV-526, 2006 WL 3690651, at *3 (S.D.N.Y. Dec. 13, 2006) (holding that the plaintiff must be a New York corporation for prong four to apply); *Liu Jo S.P.A. v. Jenner*, 630

8

F. Supp. 3d 501, 511 (S.D.N.Y. 2022) ("Although Liu Jo is not a New York corporation, Jenner and KJI had an on-going contractual relationship with New York corporations, Elite World Group, LLC and The Society Model Management, Inc., both of with are organized under the laws of New York.").

After considering the totality of the circumstances, *Anderson v. Indiana Black Expo, Inc.*, 81 F. Supp. 2d 494, 501 (S.D.N.Y. 2000), this Court concludes that Plaintiffs have not satisfied their burden of demonstrating a statutory basis under New York law for personal jurisdiction.

### B.    Transfer

Having concluded that the Court lacks personal jurisdiction over Delta, the Court can either dismiss the action "or, in the interest of justice, order [its] transfer . . . to another district where jurisdiction and venue properly obtain." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005). 28 U.S.C. § 1406(a) provides the authority for the Court to transfer the case. *See SongByrd, Inc. v. Est. of Grossman*, 206 F.3d 172, 179 n.9 (2d. Cir. 2000). Section 1406(a) provides the following: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This provision is "in accord with the general purpose . . . of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962). "Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather it be transferred in order that the plaintiff not be penalized by . . . [the] timing-consuming and justice-defeating technicalities." *Id.* at 467 (quotation marks omitted). "Courts enjoy

considerable discretion in deciding whether to transfer a case in the interest of justice." *Daniel*, 428 F.3d at 435.

The Northern District of Georgia has personal jurisdiction over all Delta, and venue would be proper there, as all parties agree. (*See* MTD at 13 n.4; Opp. at 18.) The transfer of this case would be in the interests of justice. It will obviate the need for Plaintiffs to refile the action in a proper jurisdiction, sparing them that time-consuming technicality. Furthermore, Delta's principal place of business is in Atlanta, thus the Northern District of Georgia is a non-burdensome location. Therefore, the Court will order the transfer of this case to the Northern District of Georgia.

## III.   Conclusion

For the foregoing reasons, Delta's Motion to Dismiss for lack of jurisdiction is GRANTED.

The Clerk of Court is directed to (1) close the motions at ECF Numbers 17 and 27, and (2) transfer this case to the United States District Court for the Northern District of Georgia.

SO ORDERED.

Dated: January 6, 2026
New York, New York

_____
J. PAUL OETKEN
United States District Judge

10